IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED
OCT 29 2018
Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>RODRICK D. GANT,<br><br>Defendant/Movant. | Cause No. CR 11-140-BLG-SPW-02<br>CV 15-022-BLG-SPW<br><br>ORDER GRANTING RECONSIDERATION, DENYING § 2255 MOTION, AND GRANTING CERTIFICATE OF APPEALABILITY |

Defendant Gant filed a motion under 28 U.S.C. § 2255 seeking relief based on *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2251 (2015). On September 12, 2018, the Court of Appeals held that such motions are untimely until the Supreme Court extends *Johnson* to other contexts. *See United States v. Blackstone*, 903 F.3d 1020, 1023 (9th Cir. Sept. 12, 2018).

Gant argues that *Blackstone* addressed only a career offender enhancement under the United States Sentencing Guidelines. But the court also considered the defendant's claim that he did not violate 18 U.S.C. § 924(c). *See Blackstone*, 903 F.3d at 1028–29. The United States' motion to reconsider is well-taken, and the § 2255 motion must be denied.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255

1

Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court previously found that, under the applicable precedents, he did. *See* Order (Doc. 172) at 3–10. Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012).

*Blackstone* rejects Gant's claim that he was deprived of a constitutional right and also imposes a time bar. In the Seventh Circuit, however, Gant would likely prevail. *See Cross v. United States*, 892 F.3d 288, 293–94 (7th Cir. 2018). Reasonable jurists could disagree with this Court's decision. A certificate of appealability is granted on the issues of (1) whether Gant was convicted and sentenced under 18 U.S.C. § 924(c) without fair notice of the illegality of his conduct and (2) whether his § 2255 motion is time-barred.

Accordingly, IT IS HEREBY ORDERED:

1. The United States' motion to reconsider (Doc. 198) is GRANTED. The Order of May 7, 2018 (Doc. 172), is VACATED.

2. Gant's second amended motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 149) is DISMISSED WITH PREJUDICE as time-barred.

3. A certificate of appealability is GRANTED on the issues of (1) whether Gant was convicted and sentenced under 18 U.S.C. § 924(c) without fair notice of the illegality of his conduct and (2) whether his § 2255 motion is time-barred. The clerk shall immediately process the appeal if Gant files a notice of appeal.

4. The clerk shall ensure that all pending motions in this case and in CV 15-22-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Gant.

DATED this 29th day of October, 2018.

Susan P. Watters
United States District Court